FILED

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2014 FEB -6 PM 12:49

RENEE SNODGRASS,

    Plaintiff,

-VS-

WORLD RECOVERY SERVICE, LLC and
UNITED CREDIT RECOVERY, LLC,

    Defendants.

_____/

CASE NO.:

6:14-CV-196-ORL-36 DAB

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Twenty Five Thousand Dollars ($25,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff, RENEE SNODGRASS is a natural person, and citizen of the State of Florida, residing in Orange County.

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. Defendant, WORLD RECOVERY SERVICE, LLC, (hereinafter "WRS") is a Delaware corporation with its principal place of business located at 701 International Parkway, Suite 400, Lake Mary, Florida 32746 and is believed to be an alter ego and wholly owned subsidiary of United Credit Recovery.

8. Defendant, UNITED CREDIT RECOVERY, LLC (hereinafter "UCR") is a Delaware corporation with its principal place of business located at 701 International Parkway, Suite 400, Lake Mary, Florida 32746.

9. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

10. Each call the Defendants made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

11. Furthermore each call made to the Plaintiff by the Defendants was made using a prerecorded message.

12. Each call the Defendants made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

13. Beginning or about August, 2013, Plaintiff starting receiving calls from the Defendants.

14. Defendants made numerous calls to Plaintiff's cell phone including but not limited to the calls listed below.

15. The following is a sample of the approximate date and time of calls received from Defendants to her cell phone:

    i)    August 15, 2013 at 10:30 am

ii) August 25, 2013 at 2:10 pm

iii) August 26, 2013 at 9:15 am

iv) August 27, 2013 at 10:57 am

v) September 3, 2013 at 10:02 am

vi) September 12, 2013 at 3:28 pm

vii) September 16, 2013 at 3:12 pm

viii) September 24, 2013 at 12:31 pm

ix) October 1, 2013 at 12:56 pm

x) October 3, 2013 at 1:43 pm

xi) October 8, 2013 at 2:42 pm

xii) October 10, 2013 at 1:30 pm

xiii) October 14, 2013 at 11:40 pm

xiv) October 17, 2013 at 3:44 pm

xv) October 24, 2013 at 12:06 pm

xvi) October 30, 2013 at 10:47 am

xvii) November 1, 2013 at 3:47 pm

xviii) November 4, 2013 at 1:22 pm

xix) November 6, 2013 at 9:40 am

xx) November 8, 2013 at 7:03 pm

xxi) November 12, 2013 at 10:22 am

xxii) November 13, 2013 at 2:47 pm

xxiii) November 19, 2013 at 9:05 am

xxiv) November 21, 2013 at 1:42 pm

xxv) November 23, 2013 at 10:57 am

      xxvi)    November 25, 2013 at 9:56 am

      xxvii)    December 3, 2013 at 8:49 am

      xxviii)    December 11, 2013 at 9:07 am

      xxix)    December 13, 2013 at 9:57 am

      xxx)    December 17, 2013 at 5:14 pm

      xxxi)    December 19, 2013 at 3:39 am

16.    Plaintiff received at least thirty-one (31) such calls from the Defendants to her cellular phone looking to collect a debt owed by someone other than Plaintiff.

17.    On October 15, 2013, Plaintiff sent a written revocation of consent instructing Defendants to stop all calls to Plaintiff's cellular phone.

18.    On October 30, 2013, Plaintiff received confirmation from the U.S Postal Service that Defendants received the written revocation of consent via certified mail.

19.    Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abuse.

20.    Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendants to remove the incorrect number.

21.    Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendants that they are the wrong party.

22.    Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

23.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendants willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

27. The Defendants repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against the Defendants for statutory damages of $500 for the violation of the act and $1500 for each willful violation of the act, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Florida Bar No.: 0052284
Morgan & Morgan, P.A.
20 North Orange Avenue, 4th Floor
Orlando, FL 32801
Tele: 407-420-1414
Fax: 407-245-3484
Attorney for Plaintiff
JLee@forthepeople.com